UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:16-cr-00103-JAW |
| | ) | |
| DONALD L. CAIN, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON DEFENDANT'S MOTION TO RECUSE**

Defendant seeks my recusal in this matter. (Motion, ECF No. 216.) Defendant contends recusal is required because he maintains that I demonstrated a bias against him during certain court proceedings and because he filed a related complaint with the Court of Appeals for the First Circuit.[1] I discern no basis for recusal and deny the motion.

### DISCUSSION

By law, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under 28 U.S.C. §§ 144 and 455, which govern recusal on a motion by a party, "there are two possible grounds for a judge's disqualification: (1) the judge's impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." *United States v. Kelly*, 712 F.2d 884, 889 (1st Cir. 1983) (citations omitted). "The proper test … is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge [] or even necessarily in the mind of

---

[1] In the same motion, Defendant moved for the recusal of the District Judge assigned to the case for the same reasons. The District Judge denied the motion. (Order, ECF No. 237.)

the litigant filing the motion …, but rather in the mind of the reasonable [person]." *Panzardi-Alvarez v. United States*, 879 F.2d 975, 983 (1st Cir. 1989) (quoting *United States v. Cowden*, 554 F.2d 257, 265 (1st Cir. 1976)).

Plaintiff first contends recusal is required because he filed a judicial misconduct complaint against me with the First Circuit. The mere fact that a party files a complaint against a judge is not grounds for recusal. Otherwise, a party could effectively remove a judge from a case simply by filing a complaint. Indeed, the First Circuit has recognized that recusal is not required even when a party sues a judge:

> In order to guard against "judge-shopping," "courts have refused to disqualify themselves under Section 455(b)(5)(i) unless there is a legitimate basis for suing the judge." *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd*, 894 F.2d 1338 (7th Cir. 1990) (table); *see also, e.g., United States v. Pryor*, 960 F.2d 1, 3 (1st Cir. 1992) (suit against judge separate from case at bar; "It cannot be that an automatic recusal can be obtained by the simple act of suing the judge."); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him"); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) (same), *cert. denied,* 435 U.S. 954 (1978).

*Tamburro v. City of East Providence,* Nos. 92-1321, 92-1322, 92-1323, 92-1324, 1992 WL 380019, *1, 1992 U.S. App. LEXIS 32825, *3-*4 (1st Cir. Dec. 18, 1992) (unpublished). In this case, the complaint Defendant filed with the First Circuit does not warrant recusal.

Defendant also argues recusal is necessary because I demonstrated racial bias during his court appearances and in my assessment of the evidence presented on Defendant's motion to suppress. Defendant's specific and general assertions of racial bias are unfounded and are not supported by the record. While I understand Defendant disagrees with my analysis of the evidence presented at the hearing on the motion to suppress, the

2

proposed factual findings and the credibility assessment set forth in my recommended decision on the motion are supported by the record and are not the product of racial bias. Neither "an adverse ruling" nor "a negative finding as to credibility," without more, is sufficient to establish bias. *See U.S. v. Giorgi*, 840 F.2d 1022, 1035 (1st Cir. 1988).

Unquestionably, the impartiality of a judge is essential to the judicial process, and recusal is necessary when the impartiality "might reasonably be questioned." *In re United States*, 441 F.3d 44, 67 (1st Cir. 2006) (citation and internal quotation marks omitted). In evaluating a motion for recusal, however, a "judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *Id*. Here, the record lacks any evidence of racial bias and thus lacks any objective basis for recusal.

## CONCLUSION

Based on the foregoing analysis, to the extent Defendant's motion to recuse (ECF No. 216) seeks my recusal, I deny the motion.

## **NOTICE**

Any objections to his order shall be filed in accordance with Federal Rule of Criminal Procedure 59 and Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of January, 2020.