**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:16-cr-00103-JAW-1 |
| | ) | |
| DONALD CAIN | ) | |

**ORDER ON EMERGENCY MOTION FOR COMPASSIONATE RELEASE**

An incarcerated individual moves for compassionate release to home confinement under 18 U.S.C. § 3582(c)(1)(A) without first exhausting his administrative remedies. Although the individual may have exhausted his administrative remedies since filing his motion, the Court dismisses his request without prejudice because the exhaustion provision of 18 U.S.C. § 3582(c)(1)(A) requires full exhaustion of administrative remedies before the filing of the motion, not before the Court's order.

**I.    BACKGROUND**

   **A.    Procedural History**

After Donald Cain was convicted of stalking, a violation of 18 U.S.C. § 2261A(2)(B), the Court sentenced him on July 19, 2018, to sixty months of incarceration, three years of supervised release, a $100 special assessment, and no fine. *J.* (ECF No. 197). On July 27, 2018, Mr. Cain filed a notice of appeal to the United States Court of Appeals for the First Circuit, *Notice of Appeal* (ECF No. 199), and the Court of Appeals for the First Circuit affirmed this Court on July 1, 2019. *J.* (ECF No. 212).

On April 22, 2020, Mr. Cain filed an emergency motion for compassionate release. *Emergency Mot. for Compassionate Release per "First Step Act" 3582(c)(1)(A)* (ECF No. 244) (*Def.'s Mot.*). On May 1, 2020, the Government responded, objecting to the motion. *Gov't's Resp. in Opp'n to Def.'s Emergency Mot. for Compassionate Release per "First Step Act"* (ECF No. 246) (*Gov't's Resp.*). Mr. Cain filed two unopposed motions to extend the time to file his reply, *Def.'s Unopposed Mot. to Extend Time to File Reply to Gov't's Resp. in Opp'n to Def.'s Emergency Mot. for Compassionate Release per "First Step Act"* (ECF No. 247); *Def.'s Unopposed Mot. to Extend Time to File Reply to Gov't's Resp. in Opp'n to Def.'s Emergency Mot. for Compassionate Release per "First Step Act" to May 22, 2020* (ECF No. 249). The Court granted the first motion for extension on May 8, 2020, and the second motion for extension on May 26, 2020. *Order Granting Motion to Extend Time* (ECF No. 248); *Order Granting Motion to Extend Time to File Reply* (ECF No. 251). On May 22, 2020, Mr. Cain filed his reply, along with four attachments. *Reply to Gov't's Resp. in Opp'n to Def.'s Emergency Mot. for Compassionate Release per "First Step Act"* (ECF No. 250) (*Def.'s Reply*); *id.*, Attachs. 1-4.

### B.   Exhaustion of Administrative Remedies

In his emergency motion, Mr. Cain states that he submitted a cop-out/administrative relief request with his case manager and the warden of FCI Oakdale on March 31, 2020, requesting home confinement and citing the Coronavirus Aid, Relief, and Economic Security (CARES) Act. *Def.'s Mot.* at 2. Mr. Cain says that he submitted another cop-out/administrative relief request on April 7, 2020, seeking

compassionate release pursuant to the First Step Act and stating that he had an array of illnesses, including diabetes, hypertension, and a history of multiple heart attacks. *Id.* at 2-3. He states that he had not received a response yet and acknowledges that he had not exhausted his administrative rights as of the date he filed his motion. *Id.* at 3.

In Mr. Cain's reply, he references his attached affidavit, which describes the steps Mr. Cain took to exhaust his administrative remedies. *Def.'s Reply* at 5; *see id.*, Attach. 1, *Def.'s Aff. re: Emergency Mot. for Compassionate Release 3582(c)(1)(A)* (*Def.'s Aff.*). He also attaches his March 31, 2020, request and its denial. *Def.'s Reply*, Attach. 2, *Inmate Req. to Staff*. He explains that he has not yet received a response to his April 7, 2020, request, and he does not attach this request. *Def.'s Reply* at 5; *Def.'s Aff.* at 2-3. Moreover, Mr. Cain states that he asked for reconsideration under both the CARES Act and the First Step Act on April 22, 2020, and has not yet received a response despite filing multiple requests for status updates. *Def.'s Reply* at 5; *Def.'s Aff.* at 4-5.

## II.    DISCUSSION

Mr. Cain claims entitlement to release under 18 U.S.C. § 3582(c)(1)(A).[1] *See Def.'s Mot.* at 7. However, the thirty-day notice requirement from the receipt of the

---

[1] 18 U.S.C. § 3582(c)(1) reads in pertinent part:

**(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose

administrative request by the warden under § 3582(c)(1) is mandatory. *See United States v. McIntosh*, CRIMINAL NO. 2:16-CR-100-DBH, 2020 U.S. Dist. LEXIS 93356, at *2 (D. Me. May 28, 2020); *Order on Def.'s Mot. for Compassionate Release* at 1-2, *United States v. Morgan*, 1:18-cr-00197-LEW (D. Me. May 4, 2020) (ECF No. 32); *United States v. Crosby*, No. 1:17-cr-00123-JAW-1, 2020 U.S. Dist. LEXIS 74494, at *5 (D. Me. Apr. 28, 2020); *United States v. Lugo*, No. 2:19-cr-00056-JAW, 2020 U.S. Dist. LEXIS 63673, at *8 (D. Me. Apr. 10, 2020); *see also United States v. Miamen*, CR Nos. 18-130-1 WES, 18-137-3 WES, 18-142 WES, 2020 U.S. Dist. LEXIS 67794, at *6 (D.R.I. Apr. 17, 2020) ("The statutory exhaustion provision in § 3582(c) is plainly mandatory").

Moreover, the statute requires a thirty-day lapse "from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1). This thirty-day period must lapse before the defendant brings his or her motion. *See id.* (stating that the Court "may not modify a term of imprisonment once it has been imposed" except "upon motion of the defendant after . . . the lapse of 30 days from the receipt of [the administrative] request by the warden of the defendant's facility . . . ."); *see also United States v. Alam*, No. 20-1298, 2020 U.S. App. LEXIS 17321, at *12-13 (6th Cir. June 2, 2020) (holding that the court should dismiss the defendant's untimely motion without prejudice despite his subsequent compliance with the

---

a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

4

exhaustion requirement and noting that "[i]f (rather than dismissing) [the court] sat on untimely compassionate release motions until the 30-day window ran its course, [the court] could end up reviewing stale motions" and that it is "[b]etter to have [the defendant] refile with the benefit of whatever additional insight he may have gleaned").

Furthermore, as this Court noted in *United States v. Pelletier*, 1:06-cr-00058-JAW, 2020 U.S. Dist. LEXIS 81826, at *2-3 (D. Me. May 5, 2020), in dealing with the exhaustion requirement in the Federal Tort Claims Act, the United States Supreme Court concluded in *McNeil v. United States*, 508 U.S. 106 (1993), that a lawsuit filed before the plaintiff fulfilled the exhaustion requirement was barred, even though the plaintiff complied with the exhaustion mandate in the early stages of the litigation.

The attachments Mr. Cain presents the Court show that Mr. Cain requested home confinement pursuant to the CARES Act on March 31, 2020, and represent that he asked the Bureau of Prisons (BOP) to grant him compassionate release on April 7, 2020, and again on April 22, 2020. As the April 7, 2020, and April 22, 2020, requests to Mr. Cain's case manager and the warden of FCI Oakdale—the two that reference § 3582(c)(1)(A) and compassionate release—are not attached, the Court does not have proof of when the thirty-day period started and whether it has lapsed as of the time of this Order. However, Mr. Cain admits and the Court agrees that, even assuming April 7, 2020, is the correct date for the warden's receipt of Mr. Cain's request, Mr. Cain had not exhausted his administrative remedies or let the thirty-day period lapse when he filed his motion. *See. Def's Mot.* at 3. In light of *McNeil* and *Alam*, if Mr.

5

Cain persists with his current motion, the Court may be compelled to conclude that it is barred. Instead, the wiser course is for Mr. Cain to refile his motion, having clearly complied with the exhaustion requirement of § 3582(c)(1)(A), before filing his motion.

The Court therefore dismisses without prejudice Mr. Cain's emergency motion because, regardless of the current state of exhaustion, the motion was filed before the thirty-day period lapsed. Mr. Cain is free to return to the Court for release under § 3582(c)(1)(A) with proof that the BOP declined his request or that thirty days lapsed.

### III.   CONCLUSION

The Court DISMISSES without prejudice Donald Cain's Emergency Motion for Compassionate Release per the "First Step Act" 3582(c)(1)(A) (ECF No. 244).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2020