UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:16-cr-00103-JAW-1 |
| | ) | |
| DONALD CAIN | ) | |

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

As an inmate failed to sustain his burden to show that he complied with the mandatory exhaustion provision of the compassionate release statute, the Court dismisses without prejudice his motion for compassionate release to allow him to prove that he has completed the administrative process.

**I.  BACKGROUND**

After Donald Cain was convicted of stalking, a violation of 18 U.S.C. § 2261A(2)(B), the Court sentenced him on July 19, 2018, to sixty months of incarceration, three years of supervised release, a $100 special assessment, and no fine. *J.* (ECF No. 197). On July 27, 2018, Mr. Cain filed a notice of appeal to the United States Court of Appeals for the First Circuit, *Notice of Appeal* (ECF No. 199), and the Court of Appeals for the First Circuit affirmed this Court on July 1, 2019. *J.* (ECF No. 212). On April 22, 2020, Mr. Cain filed an emergency motion for compassionate release. *Emer. Mot. for Compassionate Release per "First Step Act" 3582(c)(1)(A)* (ECF No. 244) (*Emer. Mot.*). On June 9, 2020, the Court dismissed Mr. Cain's motion without prejudice because he failed to demonstrate that he had exhausted his administrative remedies as required by the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). *Order on Emer. Mot. for Compassionate Release*

(ECF No. 252) (*Emer. Order*). The Court observed that Mr. Cain was "free to return to the Court for release under § 3582(c)(1)(A) with proof that the [Bureau of Prisons (BOP)] declined his request or that thirty days lapsed." *Id.* at 6.

Eight days later, on June 17, 2020, the Court received a new motion for compassionate release from Mr. Cain. *Renewed Mot. for Compassionate Release* (ECF No. 253) (*Def.'s Renewed Mot.*). In his pro se motion, Mr. Cain states that he had asked for compassionate release from the BOP on April 7, 2020, and April 22, 2020, but had received no response. *Id.* at 1. He attaches handwritten copies of the requests to his motion. *Id.*, Attach. 1 at 1-2. Based on his allegations, after ordering and receiving an update from the United States Probation Office, on July 8, 2020, the Court appointed counsel to represent Mr. Cain and established a schedule for further filings. *Appointment of Counsel & Scheduling Order* (ECF No. 256). On July 14, 2020, Mr. Cain, this time through counsel, filed an amended petition for compassionate release. *Def.'s Am. Renewed Mot. for Compassionate Release* (ECF No. 257) (*Def.'s Am. Mot.*). Attorney Christopher MacLean attaches to the renewed petition five documents: (1) the first page of Mr. Cain's March 31, 2020, BOP form requesting release and BOP's rejection, (2) all four pages of the March 31, 2020, BOP form, (3) an affidavit signed by Mr. Cain, (4) a BOP medical record, and (5) a BOP classification form. *Id.*, Attachs. 1-5.

On July 23, 2020, the Government responded, raising the lack of exhaustion of administrative remedies as a reason for denial. *Gov't's Resp. in Opp'n to Def.'s Am. Renewed Mot. for Compassionate Release* at 9-13 (ECF No. 260) (*Gov't's Opp'n*). The

Government attaches exhibits that indicate Mr. Cain has not exhausted his administrative remedies. *Id.*, Attachs. 2, 3, 6.

On July 27, 2020, Mr. Cain filed a reply, arguing that the evidence establishes that he has exhausted his administrative remedies. *Def.'s Reply to Gov't's Resp. in Opp'n to Def.'s Am. Renewed Mot. for Compassionate Release* at 1-3 (ECF No. 261) (*Def.'s Reply*).

## II. LEGAL STANDARDS

Mr. Cain claims entitlement to release under 18 U.S.C. § 3582(c)(1)(A).[1] *See Def.'s Am. Mot.* at 1. Mr. Cain and the Government acknowledge that the thirty-day notice requirement from the receipt of the administrative request by the warden under § 3582(c)(1) is mandatory. *Gov't's Opp'n* at 9-10; *Def.'s Reply* at 1-2. The Court agrees. *See Emer. Order* at 1-6; *United States v. McIntosh*, No. 2:16-cr-100-DBH, 2020 U.S. Dist. LEXIS 93356, at *2 (D. Me. May 28, 2020); *Order on Def.'s Mot. for Compassionate Release* at 1-2, *United States v. Morgan*, 1:18-cr-00197-LEW (D. Me. May 4, 2020) (ECF No. 32); *United States v. Crosby*, No. 1:17-cr-00123-JAW-1, 2020

---

[1] 18 U.S.C. § 3582(c)(1)(A) reads in pertinent part:

**(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . ..

3

U.S. Dist. LEXIS 74494, at *5 (D. Me. Apr. 28, 2020); *United States v. Lugo*, No. 2:19-cr-00056-JAW, 2020 U.S. Dist. LEXIS 63673, at *8 (D. Me. Apr. 10, 2020); *see also United States v. Miamen*, CR Nos. 18-130-1 WES, 18-137-3 WES, 18-142 WES, 2020 U.S. Dist. LEXIS 67794, at *6 (D.R.I. Apr. 17, 2020) ("The statutory exhaustion provision in § 3582(c) is plainly mandatory"). Although the Government contends that the exhaustion requirement is jurisdictional, the Court previously concluded that it is nonjurisdictional and may be waived. *United States v. Whalen*, No. 1:11-cr-00033-JAW, 2020 U.S. Dist. LEXIS 118896, at *12-18 (D. Me. July 7. 2020). The narrow issue the Court addresses in this order is whether Mr. Cain successfully made "such a request" of the warden within the meaning of 18 U.S.C. § 3582(c)(1)(A).

### III.   DISCUSSION

####     A.     The March 31, 2020, CARES Act Request

On March 31, 2020, according to his original filing, Mr. Cain asked to be released under the provisions of the Coronavirus Aid, Relief, and Economic Security (CARES) Act:

> On March 31, 2020, I submitted a cop-out/administrative relief request with my case manager and warden of Oakdale, requesting home confinement & citing the "CARES Act."

*Emer. Mot.* at 2. In his March 31, 2020, request, Mr. Cain wrote, "I am requesting the warden and case manager of Fcc/Fci Oakdale to grant me immediate home confinement placement pursuant to the CARES Act." *Def.'s Am. Mot.*, Attach. 2, *Inmate Req. to Staff* at 3 (Mar. 31, 2020). Mr. Cain made it explicit that he was proceeding under the CARES Act, not the First Step Act (FSA):

4

> On 4/7/2020, I finally got to speak to Ms. Harrington she told me she was working on her units cases and she was helping out on Ms. Champagne's cases and she would get to me when she could, I said so I could die and it's because my case manager is out sick, and she said hold on and looked on her computer and told me you don't qualify per the "First Step Act[,"] I said I am not asking about the FSA, I am asking to be released to home confinement per the CARES ACT, she looked at me, like a deer caught in the headlights . . ..

*Def.'s Am. Mot.*, Attach. 3, *Def.'s Aff. Re: Emer. Mot. for Compassionate Release 3582(c)(1)(A)* at 2.

Congress enacted the CARES Act on March 27, 2020. The CARES Act gave the BOP greater statutory authority to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement . . . ." Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (to be codified at 18 U.S.C. § 3621 note). The CARES Act does not give inmates the authority to move for compassionate release under § 3582(c)(1)(A) and therefore Mr. Cain did not successfully petition the warden as statutorily required in the FSA when he expressly petitioned under the CARES ACT.

  B.  **The April 7, 2020, FSA Request**

On April 7, 2020, Mr. Cain says, he completed a request for release under the FSA. *Def.'s Renewed Mot.*, Attach. 1 at 3. According to Mr. Cain, he expressly made this request under the FSA:

> I would like to be considered under the First Step act 3582(c)(1)(A) Extraordinary & compelling circumstances. Citing the COVID-19 and my current medical problems as listed in my request for Cares Act release dated 3/31/2020. I should meet this part of the First Step Act.

*Id.* at 1.  Mr. Cain states that on May 7, 2020, he completed another form, requesting a response to his April 7, 2020, and April 22, 2020, forms and that on May 11, 2020, he again requested a response.  *Id.* at 3-4.

The BOP refers to these forms as RIS or reduction in sentence requests.  *Gov't's Opp'n* at 13.  An inmate is allowed to use a form informally called a Copout to make a complaint or request for a RIS.  *Id.*  Significantly, however, the BOP denies ever receiving these three requests from Mr. Cain.  *Id.*  The Government attaches an affidavit from Lisa Barker Thompson, Unit Manager of the BOP's Oakdale Federal Correctional Complex-Federal Correctional Institution I (FCI Oakdale I), which says that the BOP never received these three RIS forms or Copouts from Mr. Cain requesting FSA action.  *Id.*, Attach. 3, *Decl. of Lisa Barker Thompson* ¶¶ 1,5-6.  She attaches a BOP record that reflects that the BOP has no record of receiving FSA release requests or reminders from Mr. Cain.  *Id.* ¶ 4.

The Court does not know what to make of the sworn conflict between Ms. Thompson and Mr. Cain.  It would seem that if Mr. Cain filed three handwritten Copouts requesting FSA RISs, the BOP would have some record of them.  At the same time, Mr. Cain presents three handwritten forms that tend to confirm his assertions.  As the burden to establish compliance with the exhaustion provision of § 3582(c)(1)(A) rests with Mr. Cain, the Court finds that he has not sustained his burden to demonstrate his compliance with the exhaustion requirement of the law.

As exhaustion of administrative remedies is mandatory and the administrative process gives the BOP an opportunity to assess whether an inmate meets its criteria

6

for compassionate release, the better practice is for the Court to make certain that this statutory requirement has been satisfied. The compassionate release process, especially during the COVID-19 pandemic, does not contemplate an evidentiary hearing to resolve this conflict. Although the Court could order an evidentiary hearing, the resolution of that hearing would take longer than a second dismissal without prejudice and Mr. Cain—with the assistance of counsel—filing a RIS with the BOP in FCI Oakdale I, fixing a date certain for the filing, and returning to this Court for a compassionate release ruling once the thirty-day period since the request was received has transpired. *See United States v. Ayotte*, No. 1:11-cr-00156-JAW, 2020 U.S. Dist. LEXIS 133626, at *2-3 (D. Me. July 13, 2020).

### IV. CONCLUSION

To allow Donald Cain to file a new demand for compassionate release under the provisions of the First Step Act, allow the Warden to respond, and thereby unequivocally establish that he has complied with the mandatory exhaustion of remedies provision of the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court DISMISSES without prejudice Donald Cain's Renewed Motion for Compassionate Release (ECF No. 253) and his Amended Renewed Motion for Compassionate Release (ECF No. 257).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2020