UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DONALD CAIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16-cr-00103-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION AND
ON MOTION THAT NO STRIKE BE APPLIED**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 218.)  Following a guilty plea, Petitioner was convicted of stalking; the Court sentenced Petitioner to sixty months in prison.  (Judgment, ECF No. 197.)  The First Circuit affirmed the sentence.  *United States v. Cain*, 779 F. App'x 6 (1st Cir. 2019).

Petitioner claims (1) the Court lacked jurisdiction to convict him, (2) an FBI agent and Petitioner's ex-wife conspired to imprison him unlawfully, and (3) both Petitioner's lawyer and the prosecutor initially assigned to the case had a conflict of interest.  (Motion at 5–6.)  The Government argues Petitioner's claims are procedurally barred and meritless. (Answer, ECF No. 236.)  Petitioner also requests that "no strike be applied" to his filings, which presumably refers to the statutory obstacles on the ability to pursue a second or successive petition in the future.  (Motion that No Strike be Applied, ECF No. 223.)  The Government argues that no provision allows Petitioner to proceed on his § 2255 Motion

and to avoid having it count as his first petition.  (Response to Motion that No Strike be Applied, ECF No. 233.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, dismiss Petitioner's § 2255 motion, and dismiss Petitioner's motion that no strike be applied to his § 2255 motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2014, Petitioner, who was living in Calais, Maine while working as a construction superintendent, married L.H., a resident of Houlton, Maine.  Petitioner moved out of the state for work, but L.H. remained in Maine.  The relationship deteriorated, and between November 2014 and December 2015, L.H. received numerous calls and text messages from Petitioner, some of which contained graphic and violent threats against L.H. and her family members.  A state court issued a protection-from-harassment order in March 2015, but Petitioner continued to contact L.H.  On at least one occasion, the number of texts and calls each numbered over one hundred in a single day.  Petitioner also sent intimate video recordings of the pair, which recordings were without L.H.'s consent, and threatened to distribute them.

In August 2016, Petitioner was indicted on one count of stalking in violation of 18 U.S.C. § 2261A(2)(B) and two counts of transmitting threatening communications in interstate commerce in violation of 18 U.S.C. § 875(c).  (Indictment, ECF No. 56). In January 2018, Petitioner pled guilty to the stalking charge.  (Change of Plea Hearing, ECF

No. 153).[1]  The Court sentenced him to sixty months in prison. (Judgment, ECF No. 197). Petitioner appealed from the sentence and the First Circuit affirmed in July 2019.  *Cain*, 779 F. App'x at 10–11.

Petitioner subsequently filed a habeas petition citing 28 U.S.C. § 2241 in the Northern District of Texas.  (*See* Order, ECF No. 217.)  The Court notified Petitioner that his petition could only be interpreted as a § 2255 motion and that, if Petitioner would like to proceed with the motion, the Court would likely transfer the motion to the District of Maine and that prosecution of the motion would likely cause any future petitions to be subject to the second or successive restrictions of § 2255.  (*Id.*)  Because Petitioner did not withdraw the motion after the opportunity to do so, the District Court for the Northern District of Texas construed the petition as a § 2255 motion and transferred it to the District of Maine. (*Id.*)

After the matter was transferred to the District of Maine, Petitioner also moved to have his petition not count as a "strike" for purposes of the restrictions on filing second or successive petitions.   (Motion that No Strike be Applied, ECF No. 223.)

## DISCUSSION

### A.    Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the

---

[1] The other two charges were dismissed on the motion of the Government.  (*Id.*)

sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

"*[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382–83 (2001) (recognizing that "procedural default rules

4

developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167–68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

## B.   Jurisdiction

Petitioner argues the Court was without jurisdiction to convict him because the conduct and his arrest occurred on state land, as opposed to federal land or property. Petitioner's argument lacks merit because there is no statutory or constitutional requirement that limits district courts' jurisdiction to federal land or property:

> Congress has given federal district courts original jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. Thus, if an indictment or information alleges the violation of a crime set out in Title 18 or in one of the other statutes defining federal crimes, that is the end of the jurisdictional inquiry.

*United States v. George*, 676 F.3d 249, 259 (1st Cir. 2012) (quotation omitted).

A "jurisdictional hook," *see Torres v. Lynch*, 136 S. Ct. 1619, 1625 (2016), such as a connection to federal land or to interstate commerce, may be necessary for Congress's enactment to be constitutional, but that is a separate question from a district court's jurisdiction. *See generally*, *Hugi v. United States*, 164 F.3d 378, 381 (7th Cir. 1999). Petitioner's contention that Congress' powers do not extend into the territorial limits of the states is contrary to longstanding constitutional law. *See e.g., Wickard v. Filburn*, 317 U.S. 111 (1942). The stalking statute underlying Petitioner's conviction contains the requisite connection to interstate commerce. In fact, through his guilty plea, Petitioner admitted every element of the charge, including the element that he used an interstate electronic communication system. S*ee McCarthy v. United States*, 394 U.S. 459, 466 (1969) ("a guilty plea is an admission of all the elements of a formal criminal charge"). Petitioner thus has not created any doubt about the constitutionality of the statute.

Petitioner also claims that the Court lacked jurisdiction because L.H. signed an "Accord and Satisfaction" that released Petitioner from all claims arising from a harassment by telephone charge that was pending in state court. (ECF No. 222.) Petitioner argues that it is unfair to prosecute him for violating a state protective order and ignore an agreement to resolve that issue under state law. The federal offense, 18 U.S.C. § 2261A(2)(B), however, does not refer to state law and is not dependent upon a state court protective order. That is, neither the protection order nor the state harassment charges were necessary components of the prosecution for the federal offense. Petitioner's argument, therefore, is unpersuasive. *See also Heath v. Alabama*, 474 U.S. 82, 93 (1985) (because

the states and the United States are separate sovereigns, "the Federal Government has the right to decide that a state prosecution has not vindicated a violation of the 'peace and dignity' of the Federal Government").

Because Petitioner was charged with violating a federal crime, and because Congress conferred jurisdiction upon the district courts to hear cases involving federal crimes, and because an agreement on a state law matter cannot limit federal jurisdiction, Petitioner's jurisdictional arguments lack merit.

## C.   Conspiracy to Prosecute

Petitioner contends an FBI agent violated certain FBI procedures and conspired with L.H. to wrongfully prosecute him.  Petitioner also suggests that another law enforcement officer falsified evidence against him and claims that no one served him with the state protection from harassment order.  Petitioner does not offer any support for his contentions and they are contradicted by evidence in the record, including Petitioner's own statements. During thorough inquiries from the Court, Petitioner admitted to the truthfulness of both the prosecution version of events and the presentence investigation report, and Petitioner admitted that he pled guilty for no other reason than he committed the crime.  (Change of Plea Hearing Transcript at 9–13, 16-17, ECF No. 209; Sentencing Transcript at 5–6, ECF No. 210.)

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.  Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*United States v. Broce*, 488 U.S. 563, 569 (1989); *see also*, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Because Petitioner's allegations do not undermine the knowing and voluntary nature of his guilty plea, he is not permitted on postconviction review to retract his own admissions or attempt to dispute the facts that led to his prosecution.

**D.    Conflict of Interest and Ineffective Assistance**

Petitioner argues that the original prosecutor for the Government had a conflict of interest because of a personal connection to L.H.; he also contends that his attorney had a conflict of interest because there was a dispute over payment. As Petitioner admits, the original prosecutor recused himself well before his change of plea hearing. Petitioner does not explain why the Government's efforts were insufficient to resolve any conflict that may have existed.

Petitioner alleges that his attorney provided ineffective assistance and had a conflict of interest because his counsel was not permitted to withdraw and Petitioner would not pay him. "A failure by counsel to provide advice may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea." *Broce*, 488 U.S. at 574.

Petitioner's assertions regarding an attorney conflict of interest are refuted by the record. As the Court has explained, while his counsel's motion to be appointed was denied because Petitioner had the financial resources for private representation, counsel did not seek to withdraw and was never denied the opportunity to withdraw if Petitioner failed to

pay.  (Order on Defendant's Motion to Recuse at 14–17, ECF No. 237.)  The record shows that Petitioner's attorney continued to represent him effectively.

The record lacks any support for Petitioner's assertion that counsel "coerced" him into pleading guilty.  Indeed, Petitioner's assertions are contradicted by his own statements at his change of plea hearing.  (Change of Plea Hearing Transcript at 9 – 13); *see also*, *United States v. Marrero-Rivera*, 124 F.3d 342, 349 (1st Cir. 1997) (noting that strong urging that plea is in client's best interest is not coercion and requiring specific credible affirmative evidence to undermine presumption of validity of plea colloquy statements). Petitioner's assertion that his attorney performed deficiently because he did not secure certain changes to the presentence investigation report or let him see a revised copy of the report is also unavailing.  Petitioner did not identify the requested changes nor explain how the changes would have made a difference at sentencing. His assertations are also contradicted by his own representation to the Court that he reviewed the contents of the report and accepted them as true.  (Sentencing Transcript at 5–6.)

In short, Petitioner has not demonstrated that his counsel had a conflict of interest, that his counsel performed deficiently, or that his counsel's performance in any way undermined the knowing, voluntary, and intelligent nature of his guilty plea.

### E.     Motion that No Strike be Applied

Petitioner requested that "no strike be applied" regarding the second or successive restrictions on § 2255 motions.  See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  In essence, Petitioner asks the Court to authorize him to file another § 2255 motion if he were unsuccessful on the present motion.  This Court does not have the authority to authorize a

second or successive petition.   The First Circuit has "interpreted [2255(h)] as stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward." *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quotation omitted).   The Court, therefore, lacks the ability to grant Petitioner the relief he seeks.   Dismissal of Petitioner's motion, therefore, is appropriate.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.   In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255.   I also recommend the Court deny Petitioner's motion that no strike be applied regarding his § 2255 motion.   I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison

Dated this 21st day of September, 2020.          U.S. Magistrate Judge