UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:16-cr-00103-JAW-1 |
| | ) | |
| DONALD CAIN | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF
THE MAGISTRATE JUDGE**

The Court reviewed and considered the Magistrate Judge's recommended decision, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's recommended decision; the Court concurs with the recommendations of the United States Magistrate Judge in full, and for the reasons set forth in his recommended decision and in this Order determines that no further proceedings are necessary.

**I.   PROCEDURAL HISTORY**

On August 19, 2019,[1] Donald Cain filed a purported motion under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas, Fort Worth Division. *Pet. for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* (ECF No. 218) (*Habeas Pet.*).[2] On October 4, 2019, the Honorable John McBryde, Senior United States District Judge, construed this filing as a motion under 28 U.S.C. § 2255 to

---

[1]   The prison mailbox rule controls the date of filing of incarcerated individuals' filings under 28 U.S.C. § 2255. *See Morales-Rivera v. United States*, 184 F.3d 109, 109-10 (1st Cir. 1999) (finding the prison mailbox rule applies to motions under 28 U.S.C. § 2255). Mr. Cain's motion does not include a declaration stating when he placed the motion in the mail; however, he dated the motion on August 19, 2019. *See Habeas Pet.* at 9. The Court adopts August 19, 2019 as the date of filing.

[2]   Mr. Cain brought his petition under 28 U.S.C.§ 2241. *Pet. for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.* However, Judge McBryde properly construed the petition as one under 28 U.S.C. § 2255, *Order* at 1-2 (ECF No. 217). In this order, the Court retitled Mr. Cain's motion to reflect the correct statutory citation.

vacate, set aside, or correct Mr. Cain's sentence, consistent with "a longstanding practice." *See Castro v. United States*, 540 U.S. 375, 377 (2003) (describing this practice); *Order* at 2 (ECF No. 217). Judge McBryde notified Mr. Cain that construing the motion under § 2255 would limit his ability to file subsequent habeas petitions and permitted him to withdraw the motion. *Order* at 1. Mr. Cain did not withdraw the motion. *Id*. at 1. Judge McBryde then transferred the motion to the District of Maine as part of case number 1:16-CR-00103-JAW. *Id*. at 2.

In Maine, on October 9, 2019, the Clerk of Court docketed additional documents that Mr. Cain filed in support of his habeas petition. *Attached Addendum of Accord and Satisfaction as Exhibit in 28 U.S.C. § 2255* (ECF No. 222). On October 15, 2019, the Clerk of Court docketed more supplemental attachments Mr. Cain filed related to a motion to recuse and further moved that no strike be imposed as a result of his habeas petition. *Mot. to Remove Judge Woodcock from Case and Mot. that No Strike Be Applied re 2255* at 1 (ECF No. 223); *id.*, Attachs. 1-4. On December 30, 2019, the Government responded to Mr. Cain's § 2255 motion and requested that the Court summarily dismiss Mr. Cain's claims as either meritless or procedurally barred. *Gov't's Resp. to Pet'r's Pro Se 28 U.S.C. § 2255 Pet. with Supporting Mem. of Law and Mot. for Summary Dismissal* at 1 (ECF No. 236). Mr. Cain replied on January 27, 2020. *Pet'r's Pro Se Resp. to Gov't's Resp. on 28 U.S.C. § 2255 Pet. with Supp. Mem of Law and Mot. for Summary J. in Favor of Pet'r* (ECF No. 243).

On September 21, 2020, the Magistrate Judge submitted his recommended decision on Mr. Cain's § 2255 motion in which he recommended that the Court deny

Mr. Cain's motion. *Recommended Decision on 28 U.S.C. § 2255 Mot. and on Mot. That No Strike Be Applied* at 11 (ECF No. 263) (*Recommended Decision*). The Magistrate Judge further recommended that the Court deny a certificate of appealability and apply a strike under § 2255(h). *Id.* On October 29, 2020, Mr. Cain filed an objection to the recommended decision. *Resp. to Recommended Decision on 28 U.S.C. § 2255 Mot. and on Mot. That No Strike Be Applied* (ECF No. 273) (*Def.'s Obj.*). On November 16, 2020, the Government responded to Mr. Cain's objection. *Gov't's Resp. to Obj. to Recommended Decision on 28 U.S.C. § 2255 Mot. and on Mot. That No Strike Be Applied* (ECF No. 276) (*Gov't's Resp.*).

## II.   DISCUSSION

Although the Magistrate Judge's recommended decision in general requires no elaboration, the Court addresses two of Mr. Cain's objections.

### A.   Motions to Recuse

First, Mr. Cain objects to the Magistrate Judge's recommended decision by questioning why the Magistrate Judge issued the decision given Mr. Cain's ongoing "appeal pending his recusal." *Def.'s Obj.* at 1. Mr. Cain is incorrect. When the Magistrate Judge issued his recommended decision, there was no motion to recuse pending against him.

To explain, on September 30, 2019, Mr. Cain moved to disqualify this Judge and the Magistrate Judge. *Mot. to Pursuant to 28 U.S.C. § 455 to Disqualify USDJ John A. Woodcock and USMJ John Nivison in Above Case and Pending § USC 2255 Transferred from USDC Fort Worth, Texas* (ECF No. 216). On October 8, 2019, he

3

renewed his request that this Judge be removed. *Recusal Mot.* at 1. On January 7, 2020, the Court denied both motions to recuse this Judge and referred the motions to the Magistrate Judge as to whether he should recuse. *Order on Def.'s Mots. to Recuse* at 30-31 (ECF No. 237). On January 13, 2020, the Magistrate Judge found no basis to recuse. *Order on Def.'s Mot. to Recuse* (ECF No. 238).

On January 24, 2020, Mr. Cain filed a notice of appeal:

> NOW INTO COURT comes Donald Cain, the defendant appearing through pro se representation, and hereby gives this NOTICE OF APPEAL, appealing this court's denial of his disqualifying/recuse motion, dated January 7, 2020, to the United States Court of Appeals for the first circuit.

*Notice of Appeal* (ECF No. 239). As is apparent from Mr. Cain's notice of appeal, he appealed only this Judge's January 7, 2020 denial of his recusal motions, not the Magistrate Judge's January 13, 2020 denial of his recusal motions. When the Magistrate Judge issued his September 21, 2020 recommended decision on Mr. Cain's § 2255 petition, there was no motion to recuse against him either in this Court or on appeal.

To complete the issue, even though Mr. Cain has not objected to this Court ruling on his motions to recuse while his appeal was pending, the Court turns to that issue as well. Although not required to do so, this Judge decided to wait for the Court of Appeals for the First Circuit to issue a decision on Mr. Cain's appeal of the January 7, 2020 order denying his motions to recuse before ruling on his objections to the Magistrate Judge's recommended decision. As noted, the Magistrate Judge issued his recommended decision on September 21, 2020. *Recommended Decision.* Mr. Cain

4

filed his objections on November 2, 2020 and the Government filed its response on November 16, 2020. *Def.'s Obj.*; *Gov't's Resp.*

Meanwhile, on September 24, 2020, the Court of Appeals for the First Circuit dismissed Mr. Cain's appeal of this Court's order denying his motions to recuse. *J.* (ECF No. 266). But the First Circuit did not issue its mandate until November 16, 2020. *Mandate.* (ECF No. 277). Rather than issue this decision while Mr. Cain's appeal to the First Circuit on his recusal motions was still technically pending in the Court of Appeals, the Court waited for the First Circuit to issue its mandate before addressing his objections to the Magistrate Judge's recommended decision on his § 2255 petition. As of now, Mr. Cain has no motion to recuse against this Judge pending either in this Court or on appeal.

B.  **Jurisdiction**

Mr. Cain also objects to the Magistrate Judge's determination that there was federal criminal jurisdiction over him in the District of Maine. *Def.'s Obj.* at 1. He questions how the Court had jurisdiction over his prosecution when, he alleges, the Government previously argued the Court lacked jurisdiction to release him from prison. *Id.* at 1-2.

To begin, the Magistrate Judge correctly concluded there was federal jurisdiction over Mr. Cain's prosecution because (1) he was prosecuted for an offense against the United States with the necessary nexus to interstate commerce and (2) he admitted every element of his offense, including the nexus to interstate commerce, when he pleaded guilty. *Recommended Decision* at 6-8; *see United States v. George*,

676 F.3d 249, 259 (1st Cir. 2012) ("Congress has given federal district courts original jurisdiction over 'all offenses against the laws of the United States.' 18 U.S.C. § 3231"); *see also* FED. R. CRIM. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed . . ."). Put differently, there is jurisdiction in any district court of the United States to entertain criminal prosecution of any person under the laws of the United States. *See George*, 676 F.3d at 259 ("[I]f an indictment or information alleges the violation of a crime set out 'in Title 18 or in one of the other statutes defining federal crimes,' that is the end of the jurisdictional inquiry") (internal citation omitted).

Mr. Cain does not identify where the Government previously stated that the Court lacked jurisdiction to release him. To the contrary, in the Government's § 2255 filings in this District, it wrote that the Court has jurisdiction over his case. *See Gov't's Resp.* at 10-14.

The Court hypothesizes that Mr. Cain may be referring to arguments the Government made during the briefing for his compassionate release motions. *Emergency Mot. for Compassionate Release per "First Step Act" 3582(c)(1)(A)* (ECF No. 244); *Renewed Mot. for Compassionate Release* (ECF No. 253); *Def.'s Am. Renewed Mot. for Compassionate Release* (ECF No. 257); *Def.'s Second Am. Renewed Mot. for Compassionate Release* (ECF No. 264). For instance, in a filing dated July 23, 2020, the Government stated "it is the Government's position that the requirements for filing a sentence reduction motion . . . are properly viewed as jurisdictional." *Gov't's*

*Resp. in Opp'n to Def.'s Am. Renewed Mot. for Compassionate Release* at 10-11 (ECF No. 260).

This purported jurisdictional discrepancy is no discrepancy at all. First, during the compassionate release proceedings the Government's position was not that the Court lacked jurisdiction to release Mr. Cain under all circumstances including § 2255 motions, rather, only that this Court lacked jurisdiction because Mr. Cain had failed to first exhaust administrative remedies before filing his motion for compassionate release. *Id.* at 10-11. Second, the Court rejected the Government's jurisdictional argument. *See, e.g., Order on Mot. for Compassionate Release* at 4 (ECF No. 262) (noting "the Court previously concluded that [§ 3582(c)'s claim-processing rule] is nonjurisdictional and may be waived"). Instead, the Court concluded that some of Mr. Cain's compassionate release motions were untimely because he failed to comply with § 3582's mandatory claim-processing rule. *See, e.g., id.* at 6-7 (concluding that Mr. Cain "has not sustained his burden to demonstrate his compliance with the exhaustion requirement of the law" and dismissing his motion without prejudice). Once Mr. Cain complied with the exhaustion requirement, the Court reached the merits of his compassionate release motion. *Order on Second Am. Mot. for Compassionate Release* (ECF No. 280).

Third, there is a difference between a federal trial court assuming jurisdiction over a criminal case and a federal trial court releasing a federal prisoner once incarcerated under a criminal judgment. Congress has statutorily restricted a federal court's authority to release federal prisoners once they are sentenced and

7

incarcerated. Thus, to argue that because a court had the jurisdiction to sentence him, it must have the authority to release him, though it has a certain logic, is simply not correct under the law. Therefore, the Court rejects Mr. Cain's objection to the Magistrate Judge's jurisdictional determination.

### III.   CONCLUSION

For these reasons and those set forth in the Magistrate Judge's recommended decision:

1. The Court **AFFIRMS** the Recommended Decision on 28 U.S.C. 2255 Motion and on Motion That No Strike Be Applied of the Magistrate Judge (ECF No. 263).

2. The Court **DENIES** Donald Cain's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 218).

3. The Court **DENIES** a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 27th day of November, 2020