UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:16-cr-00103-JAW-1 |
| | ) | |
| DONALD CAIN | ) | |

**ORDER ON DEFENDANT'S THIRD AMENDED MOTION FOR COMPASSIONATE RELEASE**

An inmate serving a sixty-month sentence for stalking in violation of 18 U.S.C. § 2261A(2)(B) files a third amended motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court dismisses the motion without prejudice because the inmate failed to comply with the administrative exhaustion requirements of § 3582(c) before filing his motion.

### I.   PROCEDURAL HISTORY

On December 10, 2020, sixteen days after the Court's November 24, 2020 order dismissing Donald Cain's Second Amended Motion for Compassionate Release, Mr. Cain, acting pro se, filed a third motion for compassionate release. *Order on Second Am. Mot. for Compassionate Release* (ECF No. 280); *Third Am. Mot. for Compassionate Release* (ECF No. 283) (*Def.'s Mot.*). On December 18, 2020, the Court ordered the Government to answer and state its position as to whether Mr. Cain's failure to exhaust administrative remedies within the Bureau of Prisons (BOP) prevented the Court from considering his motion. *Order to Answer* (ECF No. 284). The Court further noted that although Mr. Cain titled his most recent motion "Third Amended Motion for Compassionate Release," it is not actually an amended motion

because the Court dismissed his Second Amended Motion without prejudice, and Mr. Cain may not amend a dismissed motion. *Order to Answer* at 1. Thus, in the Order, the Court noted that it considers his latest motion a new motion for compassionate release. *Id.*

On December 23, 2020, the Government confirmed that it intended to raise Mr. Cain's failure to exhaust as barring his motion and asked that the Court dismiss Mr. Cain's motion without prejudice. *Gov't's Prelim. Resp. in Opp'n to Def.'s Third Am. Mot for Compassionate Release* (ECF No. 285) (*Gov't's Opp'n*). On January 8, 2021, Mr. Cain notified the Court that he received the Court's Order to Answer on December 30, 2020 but had not received the Government's response and requested an extension of time to file a reply. *Mot. for Extension to Respond for Compassionate Release* (ECF No. 287) (*Mot. to Extend Time*). The same day, the Court granted Mr. Cain a two-week extension to file his reply. *Order* (ECF No. 288). On January 11, 2021, Mr. Cain filed his reply. *Def.'s Reply to Gov't's Prelim. Resp. in Opp'n to Def.'s Third Am. Mot. for Compassionate Release* (ECF No. 289) (*Def.'s Reply*).

II.    **THE PARTIES' POSITIONS**

    A.    **Donald Cain's Third Motion for Compassionate Release**

Mr. Cain's motion for compassionate release raises three substantive issues relevant to the merits of his request for compassionate release. *Def.'s Mot.* at 1-2. However, the Court need not recount his arguments here because the only issue currently before the Court is the Government's claim that Mr. Cain failed to exhaust his administrative remedies within the BOP before filing his motion. Relevant here,

2

Mr. Cain states that "the government has concluded along with the court that, I have exhausted my remedies and filed a timely motion . . .." *Id.* at 1.

### B. The Government's Opposition

The Government claims Mr. Cain's motion is untimely because, before moving for compassionate release in the District Court, he failed to submit a new request for release to the BOP and either (1) wait thirty days or (2) fully exhaust administrative remedies to appeal a denial of his request within the BOP. *Gov't's Opp'n* at 5-7. After recounting the case's procedural posture, the Government surveys the caselaw surrounding the 18 U.S.C. § 3582(c)(1)(A) exhaustion requirement. *Id.* at 3. First, the Government notes that 18 U.S.C. § 3582(c)(1)(A) provides that a compassionate release motion is properly before a court "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . .." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

"The Government takes the position that the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is a mandatory non-jurisdictional claim processing rule" and for support cites the Court's prior rulings in *United States v. Whalen*, No. 1:11-cr-00033-JAW, 2020 U.S. Dist. LEXIS 118896, at *7-9 (D. Me. July 7, 2020) and *United States v. Lugo*, No. 2:19-cr-00056-JAW, 2020 U.S. Dist. LEXIS 63673, at *3 (D. Me. Apr. 10, 2020). The Government also cites *United States v. Iwai*, No. 15-cr-00723-

3

DKW, 2020 U.S. Dist. LEXIS 204932, at *6 (D. Haw. Nov. 3, 2020), which held in the context of a successive petition for compassionate release that "[e]xhausting administrative remedies on one occasion does not forever obviate the need to do so." *Gov't's Opp'n* at 4.

Turning to the merits of the exhaustion requirement, the Government considers the function of the exhaustion requirement within the compassionate release statutory scheme. *Id.* at 5. According to the Government, it is important to require that an inmate first submit a request for release to the BOP before each successive compassionate release motion because the "BOP completes a diligent and thorough review, with considerable expertise concerning both the inmate and the conditions of confinement." *Id.* Moreover, the Government stresses the BOP's "assessment will always be of value to the parties and the Court." *Id.* In addition, the Government suggests that, especially during the COVID-19 pandemic, the "BOP is best positioned to determine the proper treatment of the inmate population as a whole, taking into account both individual considerations in light of an inmate's background and medical history and more general considerations regarding the conditions and needs at particular facilities." *Id.* at 6.

Here, although Mr. Cain satisfied the exhaustion requirement before filing his Second Amended Renewed Motion, the Government asserts "he makes no attempt to demonstrate exhaustion" before filing his most recent motion. *Id.* The Government further informs the Court that it contacted a Senior Staff Attorney at the BOP "to inquire whether [Mr. Cain had] filed any 'RIS' (reduction in sentence), compassionate

4

release, home confinement, or other similar request with FCI Oakdale I or BOP after his August 10, 2020 request for home confinement." *Id.* According to the Government, the Senior Staff Attorney indicated "she did not see any such request in the national database" but "would undertake to confirm with FCI Oakdale I that no such request [had] been received." *Id.* at 5-6. At the time of filing, the Government had received no such request. *Id.*

### C. Donald Cain's Motion to Extend Time

Mr. Cain's January 1, 2021 motion to extend time states that he had not yet received the Government's answer on whether it intended to raise exhaustion as a defense. *Mot. to Extend Time* at 1. Mr. Cain writes "I didn't know that everytime I filed for compassionate release I have to exhaust remedies with the prison as they have already told me [now] five times, I thought this was conceded by the government." *Id.*

### D. Donald Cain's Reply

The first two pages of Mr. Cain's reply are a word-for-word resubmission of his third motion for compassionate release. *Def.'s Reply* at 1-2. The third page addresses the exhaustion issue. *Id.* at 3. Mr. Cain claims that after the Court dismissed his Second Amended Motion for Compassionate Release without prejudice on November 24, 2020, he spoke with the "BOP / Unit Team and warden" regarding whether the BOP intended to release him to home confinement as he had "been told three times that [he] meet[s] the requirements for release to home confinement per

5

FSA and Cares Act" and they instructed Mr. Cain to "fill out their release form/action plan for [his] release all three times." *Id*

Mr. Cain states he complied with these instructions by submitting a "cop-out via electronic along with a paper cop-out" explaining he was requesting release to home confinement under the First Step Act and the CARES Act. *Id*. He states these submissions were dated December 2, 2020 and attached copies of the forms, which corroborate this. *Id.*; *id.*, Attach. 2, *Inmate Reqs. to Staff*. He indicated that the reason he submitted both forms was because FCI Oakdale staff have, on other occasions, had no record of him making similar submissions. *Id.*

Mr. Cain states he does not "construe [his] motion as a new motion but as a renewed motion and since the court and government conceded [he] met the exhaustion requirement in the past motion, [he] didn't believe it would be needed . . . ." *Def.'s Reply* at 3. He says he noticed other inmates purportedly released to home confinement in the Second, Fourth, and Sixth Circuit Federal Courts of Appeal do not have to newly exhaust administrative remedies before filing successive motions for compassionate release but cites no caselaw for support. *Id.*

Finally, Mr. Cain mentions a conversation with his BOP case manager on January 5, 2021. *Id.* Mr. Cain claims she told him she "was shocked" the BOP had not responded to his requests for home confinement, "said lack of staff and inexperienced staff contributed to the problem" and "didn't understand why they had [Mr. Cain] fill out release forms/action plan" because "once [inmates] are denied [BOP staff] are instructed to move on to other inmates." *Id.* As such, Mr. Cain contends "if

6

the court requires exhaustion [he] would just have to submit [and] wait 30 days because nothing will happen with [his] request . . . ." *Id.* He concludes that "it hardly seems fair or legal to neglect requests that court is asking for per the law." *Id.*

### III. LEGAL STANDARD

As Judge Hornby of this District has cogently summarized:

> A federal judge can reduce a sentence under 18 U.S.C. § 3582(c)(1)(A) under certain circumstances. First, the prisoner must make the request to the Warden of the prison where he is housed, and thirty days must pass. 18 U.S.C. § 3582(c)(1)(A). Second, the prisoner must show "extraordinary and compelling reasons." Id. § 3582(c)(1)(A)(i). Third, the judge must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable as well as applicable Sentencing Commission policy statements. Id. § 3582(c)(1)(A).

*United States v. Garcia*, No. 2:17-cr-100-DBH-01, 2020 U.S. Dist. LEXIS 225910, at *1-2 (D. Me. Dec. 2, 2020). Regarding the first requirement, a prisoner may only file a motion for compassionate release after the prisoner "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

### IV. DISCUSSION

The Court previously concluded that § 3582(c)(1)(A)'s exhaustion requirement is a non-jurisdictional claim-processing rule. *See United States v. Whalen*, No. 1:11-cr-00033, 2020 U.S. Dist. LEXIS 118896, at *13 n.2, *17-18 (D. Me. July 7, 2020) (concurring "with the Sixth Circuit and the other district courts within Maine and the First Circuit that the exhaustion requirement of § 3582(c)(1)(A) is

7

nonjurisdictional" and holding "that the exhaustion requirement of § 3582(c)(1)(A) is a claim-processing rule"). As such, inmates must comply with this claim-processing rule before moving for compassionate release in the district court. *See United States v. Lugo*, No. 2:19-cr-00056-JAW, 2020 U.S. Dist. LEXIS 63673, at *8 (D. Me. Apr. 10, 2020) ("The Court regards the language of section 3582(c) as both clear and mandatory"). At the same time, the Government may waive the exhaustion requirement, either expressly or by failing to raise it as an affirmative defense. *See United States v. Crosby*, No. 1:17-cr-00123-JAW-01, 2020 U.S. Dist. LEXIS 199085, at *19 (D. Me. Oct. 27, 2020) ("[T]here is convincing caselaw that the Government may waive the exhaustion requirement").

When inmates have filed a motion for compassionate release without previously complying with the exhaustion requirement, the Court's practice has been to dismiss the motions without prejudice. *See, e.g.*, *United States v. Ayotte*, No. 1:11-cr-00156-JAW, 2020 U.S. Dist. LEXIS 122626, at *3 (D. Me. July 13, 2020). The Court permits these inmates to refile their motions after they have complied with the exhaustion requirement. *See id.* ("The Court therefore DISMISSES without prejudice [the defendant's] Motion for Compassionate release . . . to allow him to refile, if he chooses to do so, once he has satisfied the exhaustion requirement").

Successive compassionate release motions must independently satisfy the exhaustion requirement. *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (concluding that an initial compassionate release motion was untimely for failure to exhaust because "Congress used clear language: all requests for

8

compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts"); *United States v. Benoit*, No. 2:16-cr-00070-JDL, 2020 U.S. Dist. LEXIS 189746, at *4 (D. Me. Oct. 14, 2020) (applying the exhaustion requirement to an inmate's second motion for compassionate release); *United States v. Amparo*, No. 19-cr-10004-ADB, 2020 U.S. Dist. LEXIS 227640, at *3-5 (D. Mass. Dec. 4, 2020) (denying a second compassionate release motion with leave to renew because the prisoner had not shown that he had filed a second petition for release with the warden); *United States v. Robinson*, No. 19-00193-KD-B-11, 2020 U.S. Dist. LEXIS 218917, at *3-4 (S.D. Ala. Nov. 23, 2020) (denying a successive motion for compassionate release because the defendant failed to exhaust); *United States v. Iwai*, No. 15-cr-00723-DKW, 2020 U.S. Dist. LEXIS 204932, at *6 (D. Haw. Nov. 3, 2020) (denying a compassionate release motion for failure to exhaust remedies because "[e]xhausting administrative remedies on one occasion does not forever obviate the need to do so").

Construing the exhaustion requirement as motion-specific is consistent with § 3582(c)(1)(A)'s plain language and the broader statutory framework. As the Third Circuit noted, "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Judge Sutton of the Sixth Circuit wrote:

> Preventing prisoners from charging straight to federal court serves important purposes. It ensures that the prison administrators can prioritize the most urgent claims. And it ensures that they can investigate the gravity of the conditions supporting compassionate

> release and the likelihood that the conditions will persist. These are not interests we should lightly dismiss or re-prioritize.

*United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020); *see also id.* at 835-36 ("The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk").

In the Court's view, the compassionate release statute reserves to the warden at FCI Oakdale I the initial duty to assess Mr. Cain's request for release, his health, and the conditions inside the prison. Even though Mr. Cain made a similar request for release in August 2020, these factors may well have changed in the ensuing months and the statute contemplates that the warden be given an opportunity to make an internal assessment based on then current conditions. Placed in the context of Mr. Cain's motion, the warden of Mr. Cain's federal prison in Louisiana is better situated to initially determine these issues than a federal court more than 1,500 miles away in Maine.

Policy arguments aside, Mr. Cain's most recent compassionate release motion is untimely. At the outset, the Court notes Mr. Cain's argument that his latest motion is a "renewed" motion rather than a "new" motion lacks merit. The Court dismissed Mr. Cain's prior motion on November 24, 2020, issuing a thirty-page order which rejected his claim on the merits after considering his crime, the danger he poses to the public, his history and characteristics, his medical diagnoses, his risk of contracting COVID-19 in FCI Oakdale, and other factors. As such, Mr. Cain had no

pending motion to amend or renew when he filed his most recent motion on December 10, 2020.

Moreover, the Court is not convinced by the distinction Mr. Cain attempts to draw between a "new" and "renewed" motion. Mr. Cain's latest motion relies on additional facts and arguments he did not present in his previous motion for compassionate release. These arguments are new, and Mr. Cain cannot bypass the exhaustion requirement by characterizing his latest filing as a "renewed" motion.

As a new motion for compassionate release, Mr. Cain must once again demonstrate compliance with the exhaustion requirement. He failed for two reasons. First, the Government contests that Mr. Cain has made such a request, relying on a BOP Senior Staff Attorney's statements that the BOP had no record of any request from Mr. Cain since August. *Gov't's Opp'n* at 5-6. The Court confronted a similar conflict between the statements of Mr. Cain and the Government in mid-August 2020. *Order on Mot. for Compassionate Release* at 6 (ECF No. 262). There, the Government maintained the BOP had no record of Mr. Cain filing a request for release under the First Step Act, while Mr. Cain maintained that he submitted three such handwritten requests. *Id.* The Court noted "[t]he compassionate release process, especially during the COVID-19 pandemic, does not contemplate an evidentiary hearing to resolve this conflict." *Id.* at 7. Acknowledging "the Court could order an evidentiary hearing," the Court nevertheless concluded "the resolution of that hearing would take longer than a second dismissal without prejudice . . .." *Id.* While it is peculiar that Mr. Cain

has apparently now encountered the same problem twice, the Court concludes this situation merits the same treatment.

Second, even if the Court accepted that Mr. Cain submitted the necessary requests for release to FCI Oakdale's warden, those requests do not show Mr. Cain satisfied the exhaustion requirement. According to Mr. Cain's reply and its attachments, he most recently submitted a request for release to the warden at FCI Oakdale I on December 2, 2020. *Def.'s Reply* at 3; *Inmate Reqs. to Staff*. He then filed his motion for compassionate release on December 10, 2020, a mere eight days later.[1] *Def.'s Mot.* Eight days falls far short of the thirty-day waiting period § 3582(c)(1)(A) requires. Furthermore, Mr. Cain has not shown or argued that he fully exhausted his rights to appeal any denial by the BOP.

Contrary to Mr. Cain's views, his one-time compliance with the exhaustion requirement in August 2020 does not carry forward in perpetuity to all his subsequent compassionate release motions. *See Def.'s Second Am. Renewed Mot. for Compassionate Release* at 1-2 (ECF No. 264) (describing how Mr. Cain's counsel submitted his request for compassionate release to the FCI Oakdale warden on August 19, 2020); *see also Def.'s Mot.* at 1 ("[T]he Government has concluded along with the court that, I have exhausted my remedies and filed a timely motion . . ."). As the caselaw reveals, the § 3582(c)(1)(A) exhaustion requirement is motion specific;

---

[1] Mr. Cain's latest motion is dated December 2, 2020, the same day he says he submitted his most recent request for release to the BOP. *Def.'s Mot.* at 2. However, his filing was postmarked on December 7, 2020. *Id.*, Attach. 4, *Envelope*.

a prisoner must demonstrate renewed compliance with the requirement with each successive compassionate release motion he files.

Finally, to the extent Mr. Cain argues that the Court should find exhaustion is not required due to futility, *see Def.'s Reply* at 3, the Court does not agree. Mandatory statutory claim-processing rules are not subject to judge-made exceptions. *See Lugo*, 2020 U.S. Dist. LEXIS 63673, at *6 (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)).

Thus, the Court concludes that Mr. Cain has not met the exhaustion requirement of § 3582(c)(1)(A). Because his motion is untimely, the Court will not address the merits. Instead, the Court dismisses the motion without prejudice so that Mr. Cain may comply with the procedure § 3582(c)(1)(A) requires.

## V. CONCLUSION

The Court DISMISSES without prejudice Donald Cain's Third Amended Motion for Compassionate Release (ECF No. 283).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of February, 2021.